UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIRIAKI MOSHOGIANNIS,

Plaintiff,

v.

2580 CASA REAL LP,

Defendant.

Case No. 5:26-cv-11887-EKL

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION; DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Re: Dkt. Nos. 2, 3

On October 13, 2026, Plaintiff Kiriaki Moshogiannis was locked out of her apartment in San Jose, California, as part of an eviction proceeding. The following day, she filed this action, alleging that she was improperly evicted, and seeking relief under the Americans with Disabilities Act ("ADA"). Moshogiannis also filed an application to proceed *in forma pauperis* ("IFP") and a motion for a temporary restraining order for a stay of the eviction proceeding and reinstatement to her apartment.

Having considered Moshogiannis's IFP application, the application is GRANTED. In this Order, the Court screens the complaint and finds that it must be DISMISSED for failure to state a claim. Because the complaint fails to state a claim, Moshogiannis has not met the standard for obtaining a temporary restraining order. Therefore, the Court DENIES Moshogiannis's motion for a temporary restraining order.

## I. BACKGROUND

Plaintiff's complaint consists of eight handwritten pages and 125 pages of attachments. Compl., ECF No. 1. Her motion for a temporary restraining order consists of nine handwritten pages and 22 pages of attachments. TRO Mot., ECF No. 3 ("Mot."). The attachments to both her

complaint and motion include filings in a civil case before the Superior Court of California, County of Santa Clara: *2580 Casa Real, LP v. Moshogiannis*, No. 26CV494056 (Cal. Super. Ct.). The state action was initiated on May 26, 2026, when Defendant 2580 Casa Real LP ("Casa Real") filed a complaint for unlawful detainer. Compl. at 49-52. In its complaint, Casa Real alleged that on September 19, 2025, it had leased an apartment to Moshogiannis, that she fell behind on rent payments, and that she owed Casa Real $4,995.04 in back rent. *Id.* at 51.

On September 14, 2026, the state court entered judgment, awarding Casa Real possession of the apartment, outstanding rent, and damages. *Id.* at 9. On September 22, Moshogiannis was issued a notice to vacate the apartment. Mot. at 25. Six days later, she filed a motion in the state action to "set aside and vacate void orders and transfers," citing the following reasons: a lack of due process, improper "retroactive notice," a pending ADA appeal; and an allegedly related "criminal investigation." *Id.* at 12. On October 13, a Santa Clara County sheriff issued a notice of restoration, stating that the apartment had been restored to Casa Real. *Id.* at 27.

The next day, Moshogiannis filed her complaint before this Court, alleging that her rights under the ADA have been violated. Compl. at 3.[1] Moshogiannis claims that she was falsely accused of owing $4,995 in rent, and was wrongly evicted from her apartment. *Id.* at 5. Moshogiannis also appears to contend that she was not given notice of a court hearing. *Id.* at 3 ("I was not notified of the last court[.]"). Moshogiannis also filed a motion for a temporary restraining order, requesting that the Court issue a temporary restraining order staying her eviction and reinstating her apartment, Mot. at 1.

## II. THE SUFFICIENCY OF THE COMPLAINT

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

---

[1] Page numbers are in reference to ECF page numbers.

The complaint must be dismissed for violating Federal Rule of Civil Procedure 8 and for failure to state a claim. Moshogiannis states that her ADA rights have been violated. Rule 8 requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014) (citation omitted) (noting that although a court must construe *pro se* complaints liberally, *pro se* plaintiffs "must follow the same rules of procedure that govern other litigants"). The complaint contains confused and disjointed allegations, rather than "clear and concise statements." *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996). Additionally, Moshogiannis attached over one hundred pages of exhibits to her complaint without explaining their relevance or pertinence. For both of these reasons, the complaint is not a "short and plain statement" of why Moshogiannis is entitled to relief. In addition, she fails to state a cognizable claim under the ADA. Even though Moshogiannis claims that her "ADA rights" were violated due to "extortion for money," it is unclear how "extortion for money" or any of the other facts pled by Moshogiannis relate to an ADA claim. Compl. at 5.[2]

Furthermore, the Court lacks subject matter jurisdiction over Moshogiannis's claim (to the degree that she has pled one) due to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal courts from exercising "jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). A suit brought in federal court is a "de facto" appeal when a party contends that a state court's decision was erroneous and seeks federal relief from the state court judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). District courts "must . . . refuse to decide any issue raised in the

---

[2] Approximately a year ago, Moshogiannis brought a similar claim of ADA violations against Almaden Family Housing. Compl., *Moshogiannis v. Almaden Family Housing*, No. 25-cv-07362 (N.D. Cal. Sep. 2, 2025), ECF No. 1. Judge Freeman dismissed this complaint with leave to amend, because "the complaint fails to provide any facts at all to establish an ADA violation" and "the Court cannot serve as an appellate court for the eviction proceeding." Order, *Moshogiannis v. Almaden Family Housing*, No. 25-cv-07362 (N.D. Cal. Sep. 3, 2025), ECF No. 8. Judge Freeman denied Moshogiannis's motion for a temporary restraining order, but granted Moshogiannis's IFP application. *Id.* After Moshogiannis failed to amend the complaint, Judge Freeman dismissed the action with prejudice. Judgment, *Moshogiannis v. Almaden Family Housing*, No. 25-cv-07362 (N.D. Cal. Dec. 18, 2025), ECF No. 13.

suit that is 'inextricably intertwined' with an issue resolved by the state court." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A claim is inextricably intertwined with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," or if "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citations omitted).

Moshogiannis seeks to reverse the state court's judgment in favor of Casa Real. She asserts that she did pay rent, that she was not properly notified of proceedings in state court, and that the state court did not consider an outstanding criminal case. Compl. at 3, 5. All of these reasons challenge the state court's decisions. Thus, the *Rooker-Feldman* doctrine bars this Court from further reviewing Moshogiannis's claim. The appropriate forum for Moshogiannis to seek relief is in state court. Moshogiannis appears to recognize this herself, as evidenced by her motion in state court seeking to set aside and vacate that court's prior orders. Mot. at 12.

## III. LEAVE TO AMEND

Because this is the Court's first ruling on the legal sufficiency of Moshogiannis's claim, and because Moshogiannis is self-represented, the Court grants leave to amend the complaint. However, Moshogiannis is advised that the Court may dismiss the complaint without granting further leave to amend if Moshogiannis fails to plausibly allege a claim in her amended complaint. The Court will not order service of process by the United States Marshals Service unless Plaintiff states a viable federal claim.

The Court also advises Moshogiannis that the District Court has a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants (https://cand.uscourts.gov/pro-se-handbook/), which provides instructions on how to proceed with a civil case. Moshogiannis can access the guide, and additional resources for *pro se* litigants, on the Court's website (https://cand.uscourts.gov/pro-se-litigants/).

## IV. MOTION FOR TEMPORARY RESTRAINING ORDER

In her motion for a temporary restraining order, Moshogiannis requests that the Court stay the eviction proceedings and reinstate her apartment. Mot. at 1. Because Moshogiannis has not

successfully pled a claim over which the Court has jurisdiction, Moshogiannis has not satisfied the standard for obtaining a temporary restraining order. "[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (quoting *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001)). Moshogiannis must establish that she is likely to succeed on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, Moshogiannis must raise "serious questions going to the merits" of her claim and show that "the balance of hardships tips sharply in [the movant's] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). To raise serious questions, the movant's claim must be more than just "plausible." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 863 (9th Cir. 2022).

For the reasons discussed above, Moshogiannis has not alleged a plausible claim. Therefore, by definition, Moshogiannis has not raised serious questions going to the merits of her claim; nor has she demonstrated a likelihood of success. Because this element is lacking, Moshogiannis is not entitled to a temporary restraining order. Additionally, the Court cannot grant the injunctive relief that Moshogiannis seeks. First, the documents attached to the complaint and motion indicate that the eviction proceedings have concluded. Thus, there is no proceeding to stay. Second, for the reasons stated above, reinstatement to her apartment would be overruling the state court's judgment granting restoration of the possession of the apartment to Casa Real.

For these reasons, the motion for a temporary restraining order is DENIED.

## V. CONCLUSION

The Court ORDERS as follows:

1) The Court GRANTS Plaintiff's IFP application. The U.S. Marshals Service shall not serve a copy of the complaint or summons unless separately ordered by the Court.
2) The Court DISMISSES Plaintiff's complaint with leave to amend. Plaintiff must file an amended complaint, if any, by **November 13, 2026**. If the amended complaint does not cure the deficiencies discussed in this Order, the Court may issue an order dismissing the complaint without leave to amend.

3) The Court DENIES Plaintiff's motion for temporary restraining order.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Eumi K. Lee
United States District Judge